mon pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

MAUCK, P. J., and SAYRE, J., concur.

---

THE UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD. *v.* JONES ET AL.

*Executors and administrators—Where debtor appointed executor of creditor, debt becomes asset—Sureties liable for failure to administer and distribute—Executor, after removal and sureties released, appointed administrator de bonis non—Sureties on new bond not liable for debt unpaid at removal—Sureties liable for shortage existing at time of removal.*

1. Where debtor is appointed administrator or executor to creditor, debt becomes asset in his hands, and his sureties are liable for his failure to administer and distribute it.

2. Where debtor was creditor's executor, his sureties, who were released in view of Section 10862, General Code, after his removal and when he was appointed administrator *de bonis non,* with will annexed, and new bond was approved, cannot be held for amount of his debt to testator unpaid at time of his removal as executor, since liability for default in accounting for such sum could not be fixed until final settlement.

3. Sureties for executor, who was removed and subsequently appointed administrator *de bonis non* with will annexed with new bond, can be held for shortage existing at time of removal.

(Decided May 17, 1926.)

ERROR: Court of Appeals for Warren county.

*Mr. Howard W. Ivins,* for plaintiff in error.
*Messrs. Eltzroth, Maple & Maple,* for defendants in error.

HAMILTON, J.   Plaintiff in error filed its petition in the court of common pleas seeking a judgment against defendant Charles Jones, as principal, and the other defendants, as sureties, on an executor's bond, on account of money paid by the plaintiff in error to the distributee of the estate of Amanda M. Schnell, deceased.

The trial court entered a judgment in favor of the plaintiff, plaintiff in error here, against the defendant Charles Jones, and sustained the demurrer filed by the other defendants, as sureties, and dismissed the case as against them. From the judgment sustaining the demurrer, plaintiff in error prosecutes error to this court.

A proper consideration of the question involved requires a setting forth of the petition, which is as follows:

"The United States Fidelity & Guaranty Company of Baltimore, Md., is a corporation organized and existing under the laws of the state of Maryland.

"Said plaintiff for its cause of action avers as follows, to wit:

"That Amanda M. Schnell died testate on January 16, 1906, and her will was duly admitted to probate and record in the probate court of Warren county, Ohio.

"That on the 28th day of June, 1906, Charles Schnell and Charles Jones were duly appointed by the probate court of Warren county, Ohio, as

executors of the estate, and of the last will and testament of Amanda M. Schnell, deceased, and letters were issued to them accordingly.

"That the said Charles Schnell and Charles Jones, in thus qualifying as executors of the estate of Amanda M. Schnell, deceased, gave bond in accordance with law in the sum of $10,000, with M. G. Ross, Sophia Hill, and Cora Wylie as sureties thereon, the full name of M. G. Ross being Maria G. Ross.

"That on October 1, 1906, an inventory and appraisement was filed by said executors in said estate, showing the said Charles Jones indebted to the estate of said defendant in the sum of $1,300, with interest at 6 per cent. from May 5, 1906, upon a promissory note of the said Charles Jones, which amount was owing from the said Charles Jones to said estate, when he qualified as executor and gave bond in the sum of $10,000 as aforesaid.

"That accounts were filed by said executors in the probate court of Warren county, Ohio, in connection with said estate on, to wit, January 28, 1908, April 9, 1909, April 26, 1910, May 17, 1911, December 9, 1912, December 31, 1913, and January 19, 1915.

"That on January 19, 1915, the said Charles Schnell filed his resignation as executor, and the same was accepted by the court.

"That on February 11, 1915, in accordance with an order of the court, an additional bond was given by Charles Jones, the remaining executor, in the sum of $12,000, with M. G. Ross, Sophia Hill, and M. R. Hill as sureties, the full name of

M. G. Ross being Maria G. Ross, and the full name of M. R. Hill being Moses R. Hill, which bond was duly accepted and approved by the court.

"That at the time of the execution of said bond of $12,000 with the said Maria G. Ross, Sophia Hill and Moses R. Hill as sureties, the $1,300 claim of said estate against the said Charles Jones, still remained unpaid, with interest accrued thereon.

"That the said Charles Jones as such executor filed his accountings in said estate on the 14th day of February, 1916, the 19th day of March, 1917, and the 24th day of April, 1918.

"That on October 26, 1921, an application was filed by the sureties upon said $12,000 bond, for release therefrom, which application was heard by the court and a new bond ordered on November 3, 1921.

"That on the 14th day of November, 1921, the said Charles Jones as such executor filed his further accounting in said estate, and on November 22, 1921, the said Charles Jones was removed as such executor by the probate court.

"That on the 7th day of December, 1921, an application was filed in the probate court for letters of administrator *de bonis non* with the will annexed of the estate of Amanda M. Schnell, deceased, and Charles Jones was on the 19th day of December, 1921, appointed as administrator *de bonis non* with the will annexed of the estate of said decedent, and gave bond to the approval of the court in the sum of $12,000 with the United States Fidelity & Guaranty Company as surety thereon.

"That on September 1, 1923, the said Charles Jones as such executor filed his final accounting in said estate to which accounting exceptions were taken and upon hearing sustained by the court.

"That on the 19th day of October, 1923, the probate court of Warren county, Ohio, found that the said Charles Foster Schnell, as beneficiary under the will of Amanda M. Schnell, deceased, was entitled to a distribution in the sum of $2,778.07 from the said Charles Jones as such administrator on final accounting.

"That on January 7, 1924, the said Charles Foster Schnell obtained a judgment in the probate court of Warren county, Ohio, against the said Charles Jones in the sum of $2,833.89, representing his distribution with interest accrued thereon, and in addition thereto the costs of said action amounting to $9.85, the said Charles Jones having failed to make distribution in said estate, although requested so to do by the said Schnell.

"That the said Charles Jones failed to pay said judgment so rendered against him in the probate court of Warren county, Ohio, and on that account the said Charles Foster Schnell filed his petition in the court of common pleas of Warren county, Ohio, on February 8, 1924, being case No. 13150 on the docket of said court, against the United States Fidelity & Guaranty Company of Baltimore, Md., as surety upon the bond of said Charles Jones administrator *de bonis non* with the will annexed of the estate of Amanda M. Schnell, deceased, praying judgment in the amount of $2,833.89, with interest accrued.

"That proceedings were had in said action, and on the 19th day of May, 1924, the court entered its judgment therein, in favor of the said Charles Foster Schnell and against the United States Fidelity & Guaranty Company of Baltimore, Md., in the sum of $2,901.75, with costs taxed at $26.99; that on July 8, 1924, the United States Fidelity & Guaranty Company paid said judgment claim to the said Charles Foster Schnell, amounting at that time to $2,923.50, and at the same time paid the costs of said case to the clerk of the court, amounting to $26.90. That thereupon said the United States Fidelity & Guaranty Company were reimbursed to the amount of $414.39 from money on deposit in the Citizens' National Bank & Trust Company of Lebanon, Ohio, the property of the estate of Amanda M. Schnell, deceased, leaving the amount paid by this plaintiff on account of said suretyship and judgment the total sum of $2,536.10.

"That at the time of the original appointment of the said Charles Jones and Charles Schnell as executors of the estate of Amanda M. Schnell, deceased, on, to-wit, June 28, 1906, and at the time of giving bond as such in the sum of $10,000 with Maria G. Ross, Sophia Hill, and Cora Wylie as sureties thereon, the said Charles Jones was indebted to the estate of said decedent in the sum of $1,300, with interest.

"That at the time of the resignation of Charles Schnell as such executor, to-wit, on January 19, 1915, and at the time of giving the new bond of $12,000 by Charles Jones as sole executor with Maria G. Ross, Sophia Hill, and Moses R. Hill as sureties, the said Charles Jones was still indebted

to the estate of said decedent on said original claim in the sum of $1,300, with interest accrued thereon.

"That the account of the said Charles Jones, executor, as filed in said court on November 14, 1921, in addition to a mortgage note and claim of $3,500 and interest against Frank Schnell, showed the following assets in his hands as such executor the property of the estate of said decedent, to-wit:

"$1,300 with accrued interest on that amount and cash in hands of $733.16½, or a total in the hands of said executor at that time $2,333.16½, exclusive of a mortgage claim against the said Frank Schnell.

"That, although said account of said executor, as filed on November 14, 1921, charged him with said sum of $2,333.16½, in addition to the mortgage claim against Frank Schnell, nevertheless said sum of $2,333.16½ was not at that time in the hands of said executor, and the said Charles Jones at that time owed the estate of said decedent said sum of money, and his bonds theretofore given as executor become liable for said amount.

"That the only property that ever came into the hands of the said Charles Jones as administrator de bonis non with the will annexed of Amanda M. Schnell, deceased, as assets of the estate of said decedent to be administered upon by said administrator, was the mortgage claim against Frank Schnell of $3,500, with interest at 6 per cent. from the 1st day of June, 1921.

"That on the 4th day of December, 1922, the said Charles Jones as administrator de bonis non with the will annexed of Amanda M. Schnell, deceased, paid to Charles Foster Schnell the sum of $3,000 as a part of the money collected upon the

mortgage claim against Frank Schnell, leaving a balance due and owing said distributee on that account of approximately $1,000.

"Said plaintiff now avers that by reason of the foregoing facts there is now due and owing it from the said defendant Charles Jones the amount of $2,536.10, with interest thereon at the rate of 6 per cent. from July 8, 1924. And, further, that said defendants Maria G. Ross, Sophia Hill, and Moses R. Hill, as former bondsmen in the estate of Amanda M. Schnell, deceased, are liable to this plaintiff in an accounting therefor, and for contribution on account thereof.

"Said plaintiff further avers that Cora Wylie, one of the sureties upon the first bond of the said Charles Jones in said estate, died in the year of 1911, and her estate has been fully and completely administered.

"Wherefore this plaintiff prays that it may have a judgment against the said Charles Jones in the amount of $2,536.10, with interest thereon at the rate of 6 per cent. from July 8, 1924; that the court may take this matter into account, and ascertain and determine the liability of each and all the parties hereto; that this plaintiff may have contribution against said defendants Maria G. Ross, Sophia Hill, and Moses R. Hill, for the various amounts found due by the court; and that this plaintiff may have any and all other and further relief in the premises to which it may be entitled, either in law or in equity."

The claim of the sureties in support of the demurrer is that they were only sureties on the bond of Charles Jones, as executor of the estate of

Amanda M. Schnell, deceased, and that they were, on application, released and discharged therefrom; that the executor's account was filed upon his removal, and whatever amount that account showed was due the estate came into the hands of the said Charles Jones, upon his appointment as administrator *de bonis non* with the will annexed, as assets of the estate in his hands as such administrator, and in support of this proposition they cite Section 10691, General Code, and *Exr. of Bigelow* v. *Admrs. of Bigelow,* 4 Ohio, 138, 19 Am. Dec., 591.

It is settled law that, where a debtor is appointed administrator or executor to his creditor, the debt becomes an asset in the hands of the administrator or executor, and he, as such, becomes liable for it, as for so much money in his hands at the time the debt becomes due, and the sureties on his bond are liable for his failure to administer and distribute the same according to law.

The petition alleges that at the time of his appointment as executor Charles Jones was indebted to the estate in the sum of $1,300 and interest. Under the rule, this became an asset in his hands to be administered.

The sureties, defendants herein, thereupon became liable for the proper administration of this sum as an asset of the estate.

The petition alleges that on the 14th day of November, 1921, Charles Jones filed his further account in said estate, and, on November 22, 1921, was removed as such executor by the probate court. The petition further shows that the sureties on the executor's bond were, upon application, released therefrom.

The account of the executor filed November 14, 1921, showed assets of the estate to be one mortgage note of $3,500, and interest, uncollected, and a balance due the estate from the executor of $2,-333.16½, and that none of said sum of $2,333.16½ was at that time in the hands of said executor; that at that time he owed the estate of decedent that sum of money. In other words, the executor had not only failed to administer the $1,300 he owed the estate at the time of his appointment, but was short an additional sum of something over $1,000.

As above stated, the sureties, defendants herein, claim that this was a debt owing the estate by Charles Jones, and upon his appointment as administrator again became assets in his hands as such, and the new bond becomes solely liable for its administration.

Plaintiff's contention is that Charles Jones was the principal on the executor's bond, and, notwithstanding his appointment as administrator *de bonis non,* he was still Charles Jones, the same principal in administering the estate. The estate was the same, the principal was the same, and the liability of the sureties on the executor's bond continued to the settlement of the estate, and they were jointly liable for the proper administration of the estate with the plaintiff herein.

Many cases are cited in the briefs of counsel, but none has been presented which reaches the exact question, and we have not been able to find a case exactly in point.

Section 10862, General Code, being one of the sections providing for the release, by application of sureties, prescribes, among other things:

"Such original surety or sureties  *  *  *  shall be liable for said executor or administrator's acts only from the time of executing the original bond to the filing and approval by the court of the new bond."

The liability, therefore, of the defendant sureties ceased upon the giving of the new bond as administrator *de bonis non,* since they were released by order of court, under the authority of the statutes. They were only liable for maladministration occurring prior to their release.

The court will not close its eyes to the fact that the principal on both bonds was the same, and that the estate being administered was the same. A different situation would be present if a stranger had been appointed administrator *de bonis non.*

Jones was a debtor of the testator in the sum of $1,300, and, upon his appointment as executor, this debt became an asset of the estate under the law. It would remain such in his hands as administrator *de bonis non;* he being the same party, the same principal, and still a debtor. The liability for default in the proper administration and accounting of this sum could not be fixed until the final settlement of the estate.

What, then, was the status of the remainder of the shortage, shown by the account of November 14, 1921, approximately $1,000? It was not, and never had been, a debt due from Charles Jones to the testator. It was a shortage as executor of the estate. We do not think the rule or the statutes ever contemplated that a defalcation or shortage in the accounts of an executor could be converted into a debt, and, by a new appointment, become an

asset of the estate. It would be a strange situation if an executor or administrator could become a large defaulter, and, by reappointment, as administrator *de bonis non,* relieve the sureties on the bond under which the default occurs. The very purpose of the bond is to protect against maladministration.

Our conclusion is that, in so far as the $1,300 debt is concerned, the defendant sureties could not be held, since they were released, and a new bond given upon a reappointment of their principal, before the final settlement of the estate.

The balance of the shortage existing at the time of the removal of the executor was not a debt within the meaning of the law, and as to that sum the plaintiff is entitled to contribution. Since there is no written authority or precedent which applies to the case, due probably to the fact that courts will not reappoint defaulters, we are compelled to resort to a sense of natural justice and reason in reaching a decision which will not in any way conflict with settled rules of law.

The judgment sustaining the demurrer will be reversed, and the cause remanded, with instructions to overrule the demurrer, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

BUCHWALTER, P. J., and CUSHING, J., concur.